UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THEODORE R. WILLETTE,

    Plaintiff,

v.                                                 Case No. 21-cv-917-bhl

HEIDI MICHEL, et al.,

    Defendants.

## ORDER

Plaintiff Theodore R. Willette, who is represented by counsel, is proceeding on claims that 21 defendants associated with the Brown County Jail imposed unconstitutional conditions-of-confinement and used excessive force against him in December 2019 and January 2020. Dkt. No. 30. Fact discovery closed October 31, 2022; expert discovery is set to close January 20, 2023; and dispositive motions are due February 17, 2023. Dkt. No. 10. This matter comes before the Court on several pending motions, including motions to compel, motions to amend the scheduling order, and motions for sanctions. Dkt. Nos. 44, 59, 62, 66, 71, & 75.

**I.    Motions to Compel**

Defendants and Plaintiff have filed motions to compel responses to their interrogatories. Dkt. Nos. 44 & 59. Specifically, on September 13, 2022, Defendants Michel, Hambly, Jolly, Hailasi, Shartner, Kuchta, Dimmer, Lancer, Laux, Delorit, Free, Kajava, and Olsen ("County Defendants") filed a motion to compel Plaintiff to supplement his answers to County Defendants' Interrogatories Nos. 2, 5-6, & 8-24. Dkt. Nos. 44-45. On October 6, 2022, Plaintiff filed a motion to compel regarding Plaintiff's Interrogatory No. 9. Dkt. Nos. 58-59.

"An interrogatory may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P 33(a)(2). Discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case" is permitted under Rule 26. Fed. R. Civ. P 26(b). Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401(a). "The entire purpose of interrogatories is to get opposing parties to identify a specific subset of evidentiary support for their claims and defenses." *Bouto v. Guevara*, No. 19-CV-2441, 2020 WL 4437669, at *2 (N.D. Ill. Aug. 3, 2020).

For the reasons explained below, the Court will grant County Defendants' motion to compel in part and deny Plaintiff's motion to compel.

**A. County Defendants' Motion to Compel**

The County Defendants first seek to compel Plaintiff to supplement his response to their Interrogatory No. 2, which provides, "Describe in detail all injuries and damages you are claiming in this case due to the allegations alleged in the Complaint." Dkt. No. 45 at 5. Plaintiff's response states, "Damages will consist of but not limited to: psychological, punitive, and compensatory, inhume conditions of confinement as well as excessive force." *Id*. While Plaintiff has generally identified damages, he has not identified the specific injuries he believes he suffered. This information is relevant to his claim, and County Defendants need this information to fully assess the merits of his request for damages. Accordingly, because Plaintiff's response is inadequate, the Court will order him to provide an updated response to County Defendants' Interrogatory No. 2 that identifies with greater specificity the damages he is claiming.

The County Defendants also seek to compel a more complete response to their Interrogatory Nos. 5 and 6, which provide:

> "Identify each and every health care provider, therapist, counselor, mental health professional, pharmacy providers and drug or alcohol treatment or addition centers/providers by whom or where you have been treated in the last seven years providing for each their name, address, specialty and approximate dates and reasons for each visit."

> "Identify by name and address, in chronological order, stating dates and/or time periods, all health care facilities, health care providers, therapists, counselors, mental health professionals, chiropractors, psychologists, treatment or addition centers or other providers whom you have seen for examination, consultation and/or treatment as a result of the alleged injuries which are the subject of this lawsuit. Please describe the treatment you received for the alleged injuries."

Dkt. No. 45 at 6. Plaintiff has responded to this request by refusing to answer on grounds that he has already signed all medical releases sent to him. *Id*. While Rule 34(d) permits, in certain circumstance, a party to answer an interrogatory by directing his or her adversary to documents that have been made available to them, this provision does not completely excuse Plaintiff from his obligation to answer these interrogatories. The medical releases that Plaintiff has signed cover only those medical records relating to Plaintiff *while he has been incarcerated*. The County Defendants clarify that they also seek medical records from *before* and *after* his incarceration. This information is relevant to assess causation of his purported injuries. The County Defendants also report that they need Plaintiff to identify the individuals who treated him before and after his incarceration so they know to whom they should send additional medical releases. The Court will therefore direct Plaintiff to provide updated responses to County Defendants' Interrogatory Nos. 5-6 identifying to the best of his ability all health care providers who have treated him both before and after his incarceration.

The County Defendants next seek to compel more complete responses to Interrogatory Nos. 8-20, through which they seek specific information about each defendant's alleged personal involvement in this lawsuit. *See* Dkt. No. 45 at 7-11. The text of each interrogatory is the same

3

except the names of the defendants are swapped out. *See id.* For example, Interrogatory No. 8 provides,

> "With respect to your allegations in your Complaint against Captain Heidi Michel, please describe in detail: (a) a summary of how you believe Captain Michel violated your constitutional rights; (b) identify all contact you had with Captain Michel between December of 2019 and January of 2020 regarding the allegations in your Complaint, including the date of each contact and how that contact took place (in person, by grievance, telephone, kiosk, etc.); and (c) a list of facts, documents and witnesses that support your claim against Captain Michel."

*Id*. at 7. In responding to these requests, Plaintiff has simply pointed to his amended complaint, which he contends already provides this information. *Id*. Contrary to this response, the amended complaint does not provide the specific information requested in these Interrogatories. *See* Dkt. No. 30. To establish liability against an individual under §1983, Plaintiff must prove that the individual was personally involved in the constitutional violation. *Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009). Each defendant is therefore entitled to know how Plaintiff believes he or she was specifically involved in the constitutional violations alleged in this lawsuit. The request for these interrogatories is proper; indeed a primary purpose of an interrogatory is to identify the specific evidentiary support a party has for its claims and defenses. *See e.g. Bouto*, 2020 WL 4437669, at *1-2 (ordering Plaintiff to fully answer an interrogatory that "quote[d] a factual allegation in Plaintiff's complaint, and then ask[ed] Plaintiff to state all facts he intends to rely upon to support the contention, identify all evidence known to Plaintiff as of the date of filing of his complaint that supports, refutes, or otherwise relates to the allegation, and identify all evidence known to Plaintiff after the filing of his complaint that supports, refutes, or otherwise relates to the allegation.") Plaintiff response is inadequate and he is directed to provide updated responses to County Defendants' Interrogatory Nos. 8-20.

4

The County Defendants next seek to compel responses to their Interrogatory Nos. 21 and 22, which provide:

> "State the names of all witnesses or individuals (i.e. other inmates, officers, family members or friends) who you believe may have personal knowledge regarding the allegations in your Complaint against Captain Heidi Michel, Corporal Hambly, Lieutenant Jolly, Lieutenant Halasi, Lieutenant Shartner, Corporal Kuchta, Corporal Dimmer, Officer Lanser, Officer Laux, Officer Delorit, Officer Free, Officer Kajava and Officer Olsen, and the damages you claim you suffered. In your response, please include the name, address and telephone number of each witness and individual."

> "State the names of all witnesses from whom the plaintiff or any of the plaintiff's representatives have obtained or intend to obtain written or recorded statements, affidavits or declarations, the custodian of all such statements and whether the plaintiff will voluntarily produce such statements for inspection and copying by the defendant (if so, attach copies hereto)."

Dkt. No. 45 at 11-12. Plaintiff's initial response is that he "is in the process of receiving an affidavit from his family psychiatrist Dr. Fullen." *Id*. Defendants question whether Plaintiff's response should be understood to mean that Dr. Fullen is the only relevant witness. If so, Plaintiff should confirm this fact. If not, he should supplement his response to identify any other witnesses he believes may have knowledge of his claims and damages. Anyone not identified, will not be allowed to testify in support or opposition to summary judgment motions or at trial.

Finally, the County Defendants seek to compel updated responses to their Interrogatory Nos. 21 and 22, which state:

> "Please describe in detail the basis of your claim against each defendant in their official capacity as you allege in your Complaint, parag. 11."

> "Identify and describe in detail the policy, practice or procedure which you allege is unconstitutional as you state in paragraphs 19, 21-23 of your Complaint. Please include whether the policy and procedure you believe is unconstitutional is in written format."

Dkt. No. 45 at 12. Plaintiff responded that his amended complaint already provides this information. *Id*. A suit against an official in his or her "official capacity" is not a suit against the

5

official but rather is a suit against the official's office. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). To establish an official capacity claim, plaintiff must present evidence demonstrating the existence of an official policy, a widespread custom, or a deliberate act of a county decision-maker of the municipality or department. *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008). Contrary to Plaintiff's assertion, the amended complaint does not contain any information on what policy, practice, or procedure violated his constitutional rights and whether or not it is in written format. *See* Dkt. No. 30. Because this information is relevant to determining whether a custom or policy actually existed, Plaintiff's response is inadequate and he is directed to provide updated responses to County Defendants' Interrogatory Nos. 23-24.

### B. Plaintiff's Motion to Compel

Plaintiff moves to compel Defendants to respond to his Interrogatory No. 9, which states:

> "When [Plaintiff] was housed in the safety cells, please provide the dates that the inmate workers cleaned the safety cell?"

> "Please provide any and all logs, incident reports, conduct reports, emails and notes concerning [Plaintiff] dating from 12/5/2019 – until his release 4/4/2021. When [Plaintiff] was placed into a restraint chair was an incident report documented? Please produce all documents."

Dkt. No. 58 at 2-3. The County Defendants objected to this interrogatory because it seeks information that is irrelevant; this lawsuit is limited to events that occurred in December 2019 and January 2020, yet Plaintiff seeks information through April 2021. Dkt. No. 68. The County Defendants further explain that they have provided all relevant documents that are available. They represent that the jail does not keep specific cleaning logs that document when a safety cell is cleaned. They also confirm that all incident reports related to Plaintiff for the time period between December 2019 and January 2020 have been sent to Plaintiff's counsel four separate times by mail and by share file (on 8/30/22, 9/7/22, 9/21/22, and 10/20/22). Finally, they confirm that they have

6

produced Plaintiff's activity logs for the time period between December 2019 and January 2020 and that Plaintiff has been able to inspect the safety cell, shower area, and restraint chair in person in October 2022 because the jail did not have pictures responsive to his request. *Id*.

Plaintiff maintains that there is a "substantial amount of production of documents such as incident reports of excessive force, shower logs, cell cleaning logs, [and] photograph of cell" that are outstanding. *See* Dkt. No. 77. But Plaintiff does not support this conclusory assertion with any specific documents or information that he contends have not been producted. The County Defendants cannot provide shower/cleaning logs that do not exist. And they have confirmed their production of the incident reports from the relevant time period that do exist. They have also permitted Plaintiff to inspect certain areas of the jail because the jail could not provide photographs. The record shows the County Defendants have properly responded to Plaintiff's Interrogatory No. 9 and Plaintiff's motion to compel will therefore be denied.

## II.     Motions to Amend the Scheduling Order

Plaintiff filed a motion to amend/correct the scheduling order on October 6, 2022. Dkt. No. 62. He asks for a four month extension of fact discovery. *Id*. County Defendants also filed a motion to amend the scheduling order on October 19, 2022. Dkt. No. 66. They ask for a four month extension to all pending deadlines. *Id*. On November 4, 2022, Defendants Gonzales, Blozinski, and Przybelski filed a motion to join County Defendants' motion to amend the scheduling order. Dkt. No. 71. The Court will grant the motions. The discovery deadline is extended to May 22, 2023. All discovery (fact and expert) should be complete by this date. The dispositive motions deadline is extended to June 20, 2023. The Court will adjourn the pre-trial conference and trials dates at this time.

7

Case 2:21-cv-00917-BHL   Filed 12/06/22   Page 7 of 9   Document 84

### III. Motions for Sanctions

On November 14, 2022, Plaintiff filed a motion for sanctions. Dkt. No. 75. He states that Defense Counsel has been "very defiant and uncooperative with discovery." *Id*., ¶¶4-5. Defense Counsel allegedly refused to provide the names of medical defendants and refused to produce "incident reports, conduct reports, complaints, cell cleaning logs/reports or any additional documents that were requested numerous times." *Id*., ¶7. On October 27, 2022, County Defendants sought costs and fees in connection with responding to Plaintiff's motion to compel, which they claim was filed with knowledge that "defense counsel was cooperating and making arrangements for the inspection and the taking of photos." Dkt. No. 68 at 7. County Defendants claim that Plaintiff filed the motion to compel just hours before the inspection took place. *Id*.

The Court will deny both requests. As the Court has already explained in a prior order, *see* Dkt. No. 39, Plaintiff has access to his own medical records, so he must review those documents and determine the names of the medical defendants himself. Defense Counsel is not required to give him names he already has access to. Further, as noted above, defense counsel properly responded to Plaintiff's discovery request and there are no outstanding discovery requests at this time. With respect to County Defendants' request for costs and fees, it is not warranted at this time as the record shows that all parties have failed in their obligation to communicate reasonably with each other. For example, the Court has received three separate motions to amend the scheduling order; had the parties conferred, a single joint motion would have sufficed. The lack of communication does not reflect well on any party and the Court directs the parties to work together in good faith (and specifically to communicate with each other) to streamline this case and avoid wasting judicial resources by filing unnecessary motions.

**IT IS THEREFORE ORDERED** that County Defendants' motion to compel (Dkt. No. 44) is **GRANTED in part**; and Plaintiff's motion to compel (Dkt. No. 59) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants Gonzales, Blozinski, and Przybelski's motion for joinder (Dkt. No. 71) is **GRANTED**, County Defendants' motion to amend the scheduling order (Dkt. No. 66) is **GRANTED**; and Plaintiff's motion to amend/correct the scheduling order (Dkt. No. 62) is **GRANTED**. The discovery deadline is extended to **May 22, 2023**. All discovery (fact and expert) should be complete by this date. The dispositive motions deadline is extended to **June 20, 2023**. The pre-trial conference and trial are **ADJOURNED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for sanctions (Dkt. No. 75) is **DENIED**.

Dated at Milwaukee, Wisconsin on December 6, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge