UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THEODORE R. WILLETTE,

        Plaintiff,

      v.                                                    Case No. 21-cv-917-bhl

HEIDI MICHEL, et al.,

        Defendants.

## ORDER

In August 2021, Plaintiff Theodore Willette filed this lawsuit alleging that Defendants denied him mental health care, imposed inhumane conditions of confinement, and used excessive force at the Brown County Jail in December 2019 and January 2020. Dkt. No. 30. After several extensions of the scheduling order and numerous disputes between the parties, the Court held a hearing on October 11, 2023, during which it emphasized the need to move this case towards resolution. Dkt. No. 111. The Court then extended the fact discovery deadline to November 10, 2023; Defendants' expert witness designation deadline to November 27, 2023; the expert witness deposition deadline to December 8, 2023; and the dispositive motions deadline to January 5, 2024. Dkt. No. 112. The Court also warned the parties (both at the hearing and through the minutes order) that it was unlikely to change any of the new deadlines absent extraordinary circumstances. *Id*.

Following the Court's hearing, Attorney John Reid (counsel for medical defendants) sent a notice of deposition for Willette and a subpoena for Deborah Willette (his mother) for depositions scheduled for October 26, 2023 at 10 a.m. in Green Bay. Dkt. No. 127, ¶1. The subpoena was

served on October 19, 2023. *Id.*, ¶2. The evening before the scheduled depositions, on October 25, 2023, at 6:40 p.m., Willette and his mother filed a motion, and amended motion, to quash, arguing that they should not have to sit for depositions due to their claims they would experience severe anxiety if made to recount the events giving rise to this lawsuit. Dkt. Nos. 124 & 126. They also argue that Defendants are seeking to depose them for the sole purpose of harassing them "in bad faith. *Id*. They also cite a variety of concerns with the notice of deposition and service of the subpoena. *Id*.

Despite the motion to quash, all parties appeared for the deposition on October 26, 2023. Dkt. No. 127, ¶5. But Willette's counsel stated that the witnesses would not answer any questions posed by Attorney Amy Doyle (counsel for County defendants) because the notice of deposition was sent by Atty. Reid. *Id*. Willette's mother indicated that she and Willette could not proceed with their depositions due to severe anxiety caused by recalling the events giving rise to this lawsuit. *Id*. Willette's mother reported that he was throwing up in the bathroom. *Id*. Given the circumstances, counsel discussed rescheduling the depositions to November 7, 2023, and Willette's counsel initially agreed, but he now maintains that Willette and his mother will not sit for a deposition until the Court resolves their motion to quash. *Id*.

On November 1, 2023, Defendants filed a motion for sanctions which, among other things, requested dismissal of the case based on failure to prosecute. Dkt. No. 130. On November 3, 2023, Defendants filed an expedited motion to adjourn and stay case deadlines pending resolution of the motions. Dkt. No. 132.

The Court will deny the motion and amended motion to quash. The Court may quash or modify a subpoena if the subpoena "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). Willette's assertion that sitting for a deposition causes him an undue burden is

2

unreasonable given that he brought this case. A plaintiff cannot bring a lawsuit then expect to be able to prevent discovery into information relevant to the claim he raised. *See e.g., Keaton v. Hannum*, No. 1:12-CV-00641-SEB, 2013 WL 3834647, at *2 (S.D. Ind. July 23, 2013) (denying a plaintiff's motion to quash because he interjected his mental health into the case by bringing the lawsuit and seeking damages for emotional distress). While the Court is sympathetic to Willette's mental state, he has responsibilities to the Court and Defendants when he brings a lawsuit in federal court. If pursuing a lawsuit is causing Willette too much emotional distress, he is free to voluntarily dismiss it. But if he wishes to proceed with this lawsuit (and try to recover potential damages from Defendants), he must sit for a deposition. Defendants have a fundamental legal right to defend themselves and examine the veracity of his allegations and are entitled to take his deposition to test those allegations.

As to the deposition of Willette's mother, Defendants assert that her testimony is relevant because she may have had direct contact with some of the defendants to discuss Willette's mental health issues. Defendants argue that she also has knowledge of his medical and psychological history, his incarceration, and information since his release. Given the centrality of Willette's mental health to his claims in this case, including his repeated assertions that his mental health issues prevented him from fully comprehending his circumstances while at the jail, the probative value of his mother's direct knowledge of his care and/or Defendants responses to her concerns significantly outweighs any anxiety or emotional distress caused to her from recounting the events.

Accordingly, the Court will deny the motion and amended motion to quash and deny as moot the expedited motion to adjourn and stay case deadlines. Willette is warned that failure to sit for a deposition will likely result in dismissal of the case for failure to prosecute. Willette is

3

advised that it is common practice for one attorney to notice a deposition. He cannot object to answering one attorney's questions because another attorney sent the notice of deposition.

**IT IS THEREFORE ORDERED** that Plaintiff's motion and amended motion to quash (Dkt. Nos. 124 and 126) are **DENIED**; and Defendants' expedited motion to adjourn and stay case deadlines (Dkt. No. 132) is **DENIED as moot**.

Dated at Milwaukee, Wisconsin on November 7, 2023.

s/ *Brett H. Ludwig*<br>
BRETT H. LUDWIG<br>
United States District Judge