UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THEODORE R. WILLETTE,

        Plaintiff,

        v.                                          Case No. 21-cv-917-bhl

HEIDI MICHEL, et al.,

        Defendants.

# ORDER

Plaintiff Theodore Willette, who is represented by counsel, is proceeding on a §1983 lawsuit alleging that Defendants denied him mental health care, imposed inhumane conditions of confinement, and used excessive force at the Brown County Jail in December 2019 and January 2020. On February 2, 2024, Defendants filed motions for summary judgment. Dkt. Nos. 149 & 163. Willette filed response materials on March 20, 2024. Dkt. Nos. 173-177.

On the following day, Willette, through counsel, filed a one-page "motion to supplement pleading." Dkt. No. 179. Although labeled a "motion," the filing does not request any specific relief. *Id*. It is also unsupported by any factual submission and devoid of legal authority. *Id*. Instead, it makes vague and unsupported allegations of potential misconduct by defense counsel and threatens future court filings:

> "The plaintiff and his Attorney recently received disturbing information that represents potential bad faith, harassment and misconduct of defendant's counsel. At this time, we are doing a thorough investigation with additional agencies assisting. The plaintiff may need to file a supplemental motion impending the investigation."

Dkt. No. 179. To the extent, this filing was intended as a "motion" (as counsel labelled it), the motion is denied.

If Plaintiff believes that Defendants' attorneys have engaged in bad faith or harassing conduct, he can file a motion and seek relief, including potential sanctions. But any motion must "state with particularity the grounds for seeking the order," including the specific conduct Plaintiff believes Defendants or their counsel engaged in, evidentiary proof to support those allegations, and legal citations showing the conduct was improper. *See* Fed. R. Civ. P. 7(b)(1); *Bentz v. Lindenberg,* 854 F. App'x 55, 57 (7th Cir. 2021) (noting that allegations of bad faith conduct requires evidentiary support). Plaintiff's vague and unsupported "motion to supplement pleading" is not an appropriate way to raise the issue. The Court also does not look favorably on conclusory allegations of bad faith and harassment.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to supplement pleading (Dkt. No. 179) is **DENIED**.

Dated at Milwaukee, Wisconsin on March 25, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge
